United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOAQUIN WHATLEY, SPN #02062251 | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-23-1621 |
| WELLS FARGO, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Joaquin Whatley, an inmate in custody at the Harris County Jail, has filed a complaint alleging state-law claims against several defendants. He sues: (1) Wells Fargo; (2) Jeanette Villanueva, an employee at Wells Fargo bank; (3) Alex Bermudez, a former employee at Wells Fargo; (4) Heather Rose Lopez; (5) Joaquin Rodriguez Herrera; and (6) Jacqueline Renee Rodriguez. Whatley represents himself and has been granted leave to proceed without prepaying the filing fee.

After screening the pleadings under 28 U.S.C. § 1915, the court concludes that this case must be dismissed. The reasons are set out below.

**I.    Background**

Whatley's complaint asserts that the defendants worked together to steal money from a bank account he had at Wells Fargo. (*See* Docket No. 1). He alleges that

> Jeanette who work[s] at Wells Fargo is relatives with Rose Maria Villanueva from H&R Block. Alex Bermudez is H&R Block district manager, Heather Rose Lopez is in a relationship with Jeanette Villanueva's brother in law. They are all working together in stealing money from one account and putting it in cashiers checks and cashing it at Wells Fargo. The check I deposited at Wells Fargo from the IRS was said to never have been deposited but truly it was. Jeanette gave me paperwork the day I opened [the] account that

had [the] wrong last name [and] she said she would correct it. When I went the next day they said I never opened [an] account and didn't have [an] account.

(*Id.* at 4). He also asserts that Wells Fargo "failed to prevent fraudulent activities and put my checks in my father[']s account." (*Id.* at 3). Whatley seeks "$7,777,777.777" in damages. (*Id.* at 4).

**II.    The Standard of Review**

Because Whatley has been granted leave to proceed without prepaying the filing fee, the court is required to scrutinize the pleadings and dismiss the case if it determines that the allegations are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

**III.    Discussion**

Although Whatley filed his claims on a pre-printed complaint form for use by state prisoners in filing civil-rights actions under 42 U.S.C. § 1983, his allegations against the defendants are limited to a theft claim. This claim is actionable, if at all, only under state law.[1]

---

[1] In reviewing the pleadings, the court is mindful that Whatley represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the Fifth Circuit has "frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005).

Unlike state courts, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (explaining that federal courts have limited subject matter jurisdiction). A district court has the "responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Generally, federal courts only have authority to decide cases involving a federal question or a dispute between parties with diversity of citizenship. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331 and 1332. Because federal jurisdiction is not presumed to exist, the party invoking the jurisdiction of a federal court must show that jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wolcott v. Sebellius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming*, 281 F.3d at 161).

A.  **Federal Question Jurisdiction**

One basis for subject matter jurisdiction is "federal question" jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As noted above, Whatley's complaint was submitted on a pre-printed form for use by prisoners seeking

3

relief under the federal Civil Rights Act, 42 U.S.C. § 1983.  Assuming that Whatley intended to invoke the remedy found in § 1983, he does not state a viable claim.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) he has been deprived of a right secured by the Constitution or of federal law, and (2) the violation was committed by someone acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005).  Whatley does not allege facts that could show violations of a constitutional or federally protected right.  The facts Whatley does allege shows that the defendants are not government officials, but private parties.  Whatley has not stated a claim under federal law.

A district court is not required to entertain a complaint that purports to seek recovery under the Constitution or laws of the United States if the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Tiner v. Cockrell*, 756 F. App'x 482, 482 (5th Cir. 2019) (per curiam) (quoting *Bell v. Hood*, 327 U.S. 678, 682 –83 (1946)).  Because Whatley does not assert facts showing that he has a valid claim under § 1983 or any other federal law, the case does not present a federal question for purposes of jurisdiction under 28 U.S.C. § 1331.

  **B.**  **Diversity Jurisdiction**

A second basis for subject matter jurisdiction is diversity jurisdiction, which requires an amount in controversy exceeding $75,000.00, exclusive of interest and costs, and complete diversity of citizenship between the parties.  *See* 28 U.S.C. § 1332; *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).  "Complete diversity" of citizenship means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the

other side." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).

According to the complaint, Whatley is a citizen of Texas who resides at the Harris County Jail. He sues several defendants who are Texas residents. Because Whatley has not alleged facts showing that complete diversity exists, he has not established that this is a suit between parties of diverse citizenship as required for purposes of 28 U.S.C. § 1332.

Because no basis for federal jurisdiction appears on the face of Whatley's complaint, the court orders that the complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Nixon v. Att'y Gen. of Tex.*, 537 F. App'x 512, 512 (5th Cir. 2013) (per curiam) (affirming the district court's dismissal of a case under 28 U.S.C. § 1915(e)(2)(B) based on lack of subject matter jurisdiction when neither federal question or diversity jurisdiction was present); *Lilly ex rel. v. Univ. of Med. Ctr. Brackenridge*, Cause No. A-17-CV-39-LY, 2017 WL 11218931, at *1 (W.D. Tex. Feb. 28, 2017) (dismissing a case without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)).

**IV.    Conclusion**

For the reasons stated above, the court orders that the civil action filed by Joaquin Whatley is dismissed. The claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) based on lack of subject matter jurisdiction. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk will provide a copy of this order to the plaintiff. The Clerk will also send a

copy to the manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov. An Order of Dismissal is entered separately.

SIGNED on September 1, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge